SNOW BECKER KRAUSS P.C.
Attorneys for Defendants
Leonard W. Wagman
Evangelos Michailidis
605 Third Avenue, 25th Floor
New York, New York 10158
Tel.: (212) 687-3860
Fax: (212) 949-7052
Email: lwagman@sbklaw.com
emichaildis@sbklaw.com

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE MILOS

08 Civ. 06666 (LBS)(KNF)

ECF Case

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO
PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION
UNDER THE FLSA AND IN OPPOSITION TO RULE 23 CLASS CERTIFICATION**

This Memorandum of Law is respectfully submitted on behalf of defendants Estiatorio Milos ("Milos") and Costas Spiliadis ("Mr. Spiliadis")(collectively, "Defendants") in opposition to Plaintiffs' motion for collective and class certification.

## PRELIMINARY STATEMENT

In their Complaint, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by permitting certain individuals, alleged to be managers and non-service staff, to participate in Milos' tip pool and by allegedly shaving over-time hours from each tipped employee.[1] Plaintiffs seek to conditionally certify the federal law claims as an "opt-in" collective class pursuant to §16(b) of the FLSA (29 U.S.C. § 216(b)) and to conditionally certify as an "opt-out" class the state law claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

As a preliminary matter, Plaintiffs' motion is procedural in nature and this Court must not weigh the merits of the underlying claims in determining whether to conditionally certify an "opt-in" or "opt-out" class. Hence, it is highly improper and potentially prejudicial for Plaintiffs' counsel to present under its "Statement of Facts" subheadings that state in conclusory fashion that "Milos' Tip Pool Illegally Requires Tipped Employees to Share their Tips with Managers" and that "Milos' Tip Pool is Invalid Because It Allows Non-Service Employees to Share in the Tip Pool". This action is still in its infancy and there has been no discovery. Plaintiffs' statements are not facts; they are merely allegations that set forth the basis of Plaintiffs' claims, which Defendants have specifically denied.

---

[1] Specifically, the Complaint alleges 2 claims under the FLSA: Defendants improperly claimed a tip credit (29 U.S.C. § 201) and Defendants shaved employees' overtime (29 U.S.C. § 201). Plaintiffs allege 4 claims under the NYLL: failure to pay the minimum wage (NYLL § 650); failure to pay overtime (NYLL § 650); misappropriation of tips from the tip pool (NYLL § 196-d and §198-b); and failure to pay spread of hours (NYLL § 650).

1

Substantively, Plaintiffs seek:

1) Conditional certification of this action pursuant to the FLSA, on behalf of all employees who worked in any tipped position, including but not limited to captains, servers, bussers and bartenders, from July 28, 2005 until the present;

2) Certification of this action as a Rule 23 class action pursuant to Rule 23, on behalf of all Milos employees in any tipped position, including but not limited to captains, waiters, bussers and bartenders from July 28, 2002 until the present; and

3) Assistance distributing the proposed notice of this FLSA and NYLL action to potential members of the FLSA and NYLL classes.

The right to proceed with a conditional collective action under the FLSA requires only a modest factual showing at this juncture. This lenient standard suggests that conditional certification of a collective action for Plaintiffs' tip pooling claims under the FLSA is appropriate even though Plaintiffs' evidentiary submissions consist of nothing more than conclusory allegations. However, Plaintiffs' time shaving claims are highly individualized and should not be subject to FLSA collective class treatment. Therefore, Defendants do not oppose the conditional certification of an "opt-in" collective class for Plaintiffs' FLSA tip pooling claims, but do oppose conditional certification of a collective class for Plaintiffs' time shaving allegations.

Plaintiffs' motion to certify Plaintiffs' NYLL claims as a class action pursuant to Rule 23 is premature at this stage in the litigation and should be denied. Postponing the certification of a Rule 23 class is consistent with the approach other courts have taken under similar circumstances because it allows the Court to determine whether the number of plaintiffs pursuing NYLL claims in an "opt-out" class substantially exceeds the number of employees pursuing FLSA claims in an "opt-in" class. Several courts have held that such a disparity could make the district court's

exercise of supplemental jurisdiction over the state law claims inappropriate because the state law issues would substantially predominate over federal law issues.

Here, 4 of the 6 claims alleged by Plaintiffs in their Complaint are state law claims. (See footnote 1). In fact, the most substantial claim against Defendants is the NYLL claim that tips were misappropriated to alleged management and non-service staff. Significantly, despite the fact that Plaintiffs commenced this action over 1 year ago, there are only 10 plaintiffs who have opted in to the collective class, presenting the very real possibility that the Rule 23 class will substantially outnumber the FLSA collective class, which would substantially transform this action by, as several courts have described it, "causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." Under such circumstances, it would be improper for this Court to assert supplemental jurisdiction over the state claims.

This Court should not facilitate the dissemination of Plaintiffs' proposed notice until it is revised to reflect only those FLSA claims that pertain to Milos' alleged violations of tip pooling laws.

## ARGUMENT

### POINT I

### THIS COURT SHOULD CONDITIONALLY CERTIFY A COLLECTIVE CLASS FOR PLAINTIFFS' TIP POOLING LAWS CLAIMS UNDER THE FLSA BUT NOT FOR PLAINTIFFS' TIME SHAVING CLAIM

In support of their motion for conditional certification of this case as a collective action, Plaintiffs offer the affidavits of Rouly Charalabidis and Nurul Islam. The Court should not give serious consideration to these affidavits as they are conclusory in nature and are not based on the personal knowledge of either affiant. Indeed, the courts are uniform in their holdings that

"conclusory allegations are not enough" to meet plaintiffs' burden at this stage. Morales v. Plantworks, Inc., 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006)(quoting 7B Charles Alan Wright, Arthur H. Miller & Mary Kay Kane, Federal Practice and Procedure § 1807 at 490-91 (2005)). Moreover, supporting affidavits must be based on the affiant's personal knowledge, which Charalabidis and Islam's affidavits are clearly not.[2] Fed. R. Civ. P. 56(e); CJS AFFIDAVITS § 45 ("Generally, affidavits must be made on the affiant's personal knowledge. It is an affiant's personal knowledge, and not his or her beliefs, opinions, rumors, or speculation, that are the proper subject of any affidavit.").

In any event, because courts generally apply a lenient evidentiary standard at this stage of a conditional class certification, Defendants do not oppose conditional certification of an FLSA collective class action that is limited to Plaintiffs allegations regarding Milos' alleged violations of tip pooling laws under the FLSA. However, Plaintiffs' time shaving claim is far too individualized for representative treatment. In deciding whether to conditionally certify a class action, "the court must be satisfied that there is a basis to conclude that questions common to a potential group of plaintiffs would predominate a determination of the merits" in the case. Mike v. Safeco Ins. Co., 274 F.Supp.2d 216, 220 (D. Conn. 2003). A "court may deny plaintiffs' right to proceed collectively if the action arises from circumstances purely personal to the plaintiff and not from any generally applicable rule, policy or practice." Id. at 220. Cases alleging time shaving have been found to be particularly unsuited for collective determination. For example, in the case of Diaz v. Electronic Boutique of America, Inc., 2005 WL 2654270 (W.D.N.Y. Oct.

---

[2]  Even a cursory review reveals that these affidavits are identical in sum and substance to each other, suggesting that they are not based on the personal knowledge of the affiants but rather were composed by Plaintiffs' lawyers with little input from affiants. See Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 160 (S.D.N.Y. 2008)(plaintiffs' declarations are not credible because they are in all material respects identical to one another and were clearly crafted by the lawyers to neatly contradict the declarations offered by defendants).

4

17, 2005), the court held that plaintiff's allegations "that he worked off the clock without compensation and that his timesheets were altered to delete overtime hours worked- are too individualized to warrant collective action treatment." Id. at *5.

Here, Plaintiffs have offered no evidence to substantiate their allegation that the restaurant shaved hours from its employees or demonstrate their entitlement to a collective class certification. The affidavits of Charalabidis and Islam merely allege "overtime calculation discrepancies" (Charalabidis ¶ 4, Islam ¶ 4) without stating more. Plaintiffs have failed to offer any information to indicate that time shaving was a general rule, policy or practice at the restaurant. Any determination regarding time shaving requires an individualized employee-by-employee examination, which makes a collective action on this claim inappropriate.

## POINT II

### IT IS PREMATURE TO CERTIFY THE RULE 23 CLASS ACTION BECAUSE IT IS UNCLEAR WHETHER SUPPLEMENTAL JURISDICTION IS APPROPRIATE OVER THE STATE LAW CLAIMS

This Court should wait until the FLSA opt-in period is complete before deciding whether to certify an opt-out class on any state law claims. Doing so will allow the Court to determine whether exercising supplemental jurisdiction over the state law claims is appropriate and will enable the parties to conduct discovery as may be appropriate. While 28 U.S.C. § 1367(a) provides that "the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy", Congress recognized that asserting such jurisdiction would be imprudent in circumstances which include where the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction. 28 U.S.C. § 1367(c).

The procedural difference between an FLSA collective class and a Rule 23 class can potentially result in jurisdictional problems for the district court. The FLSA provides for participation on an opt-in basis, see §16(b)(29 U.S.C. 216(b)), while Rule 23 requires that non-participating class members affirmatively opt-out of the suit if they prefer to pursue claims in their individual capacities, see Rule 23(c)(1)(B). In other words, the FLSA suit provides a means of participation for individuals who truly wish to join the suit, while requiring no action from those who do not wish to join, while a Rule 23 class requires that a potential class member take affirmative action not to be bound by judgment. Leuthold v. Destination America, Inc., 224 F.R.D. 462, 469-470 (N.D. Cal. 2004).[3]

Since a district court's adjudication of the state law claims pursuant to 28 U.S.C. § 1367 is predicated upon its adjudication of the accompanying FLSA claims, a problematic dichotomy arises where only a few plaintiffs opt-in to the FLSA class. Id. at 469-70. If only a few plaintiffs opt-in to the FLSA class after the court certifies a Rule 23 state law class, the court would face the incongruous situation where a small FLSA class co-exists with a large state law class that includes all or nearly all of the companies' present or former employees. Id. at 470; Muecke v. A-Reliable Auto Parts and Wreckers, Inc., 2002 WL 1359411, *2 (N.D.Ill. 2002); Marquez v. Partylite Worldwide, Inc., 2007 WL 2461667, *2 (N.D.Ill. Aug. 27, 2007). The disparity in numbers between similarly situated plaintiffs and Rule 23 class members may be so great that the difference "becomes dispositive [for class certification purposes] by transforming the action

---

[3]   Where plaintiffs have sought certification of both FLSA and Rule 23 classes, several courts outside of the Second Circuit have denied certification of a Rule 23 class in favor of an FLSA class on the basis that Congress' clear preference for an opt-in procedure pursuant to the FLSA "would be thwarted if a plaintiff were permitted to back door the shoe horning in of unnamed parties through the vehicle of calling upon similar statutes that lack such an opt-in requirement". Leuthold, 224 F.R.D. at 470; Aquilino v. Home Depot U.S.A. Inc., 2006 WL 2023539, *3 (D.N.J. July 18, 2006); Harper v. Yale International Insurance Agency, 2004 WL 1080193, *3 (N.D.Ill. May 12, 2004).

6

to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." De Ascencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir. 2003); De La Cruz v. Gill Corn Farms, Inc., 2005 WL 5419056, *7 (N.D.N.Y. Jan. 25, 2005). Even in a litigation where the legal analysis is essentially identical under the FLSA and NYLL, the disparity between the numbers of individuals participating in an FLSA collective class and a Rule 23 class may cause the case to become predominated by state claims. De La Cruz, 2005 WL 5419056 at *7. In the event of such a disparity, the court "might then be in a position in which declining supplemental jurisdiction would be appropriate, given that state law claims would substantially predominate over the federal claims". Id.; *see also* Leuthold, 224 F.R.D. at 470; Harper, 2004 WL 1080193 at *3; Hasken v. City of Lousiville, 213 F.R.D. 280, 283-84 (W.D.Ky. 2003).

In light of this potential disparity between numbers in an FLSA collective class and a Rule 23 class arising under state substantive law, several courts have suggested that class certification of state law claims is inappropriate before the scope of an FLSA collective action has been determined. See De La Fuente v. FPM Ipsen Heat Treating, Inc., 2002 WL 31819226 (N.D.Ill. Dec. 16, 2002); Rodgriguez v. The Texan, Inc., 2001 WL 1829490 (N.D.Ill. Mar. 7, 2001); Harper, 2004 WL 1080193 at *3; Muecke, 2002 WL 1359411 at *2. For example, in the case of Marquez v. Partylite, *supra*, where plaintiff who alleged that he and other similarly situated employees were wrongfully denied overtime pay, the court noted that:

> It will be wise to delay any decision on certifying a state-law claim under Rule 23 until after notice has been sent pursuant to the FLSA and the written consents returned. After the consents are returned, the Court will have a better idea of the number of class members and their various situations. With that information, the Court properly can assess whether Rule 23's requirements- such as joinder being impracticable, commonality, superiority and adequacy of representation- are

> met. Based on the number of individuals that opt-into the action, the Court can also determine whether exercising supplemental jurisdiction over a state law claim would be prudent. 2007 WL 2461667 at *6.

Here, it is premature to certify a Rule 23 class. To date, only 10 individuals have opted-in to the FLSA class against Milos despite the fact that Plaintiffs commenced this action over 1 year ago. Plaintiffs allege that there are approximately 75 potential class members.[4] Notices of the FLSA claim should be disseminated to the potential class members in order to determine which employees truly wish to pursue claims against Milos. At the end of the FLSA opt-in period, if the number of FLSA class participants remains substantially lower than the number of potential Rule 23 class participants, the state claims would predominate over the federal claims. Under such circumstances, Defendants suggest that the Court's exercise of supplemental jurisdiction over the state claims would be inappropriate, especially where, as here, 4 of the 6 claims alleged in the Complaint are state law claims and Plaintiffs' most substantial claim, and indeed the very heart of this matter, involves a claim under the NYLL.

## POINT III

## THIS COURT SHOULD FACILITATE THE DISTRIBUTION OF A REVISED NOTICE

This Court should facilitate the dissemination of a notice that reflects only those FLSA claims that pertain to Milos' alleged violations of tip pooling laws.

---

[4] Paragraph 16 of the Complaint states that "upon and information belief, there are more than 50 members" of the class. Paragraph 13 of Charalabidis' affidavit and paragraph 14 of Islam's affidavit allege that there are approximately 75 class members.

## CONCLUSION

For all of the foregoing reasons, this Court should conditionally certify a collective class limited only to Plaintiffs' allegations regarding Defendants' alleged FLSA violations of tip pooling laws, but not conditionally certify a collective class for Plaintiffs' time shaving claim. Furthermore, this Court should deny Plaintiffs' motion to certify a Rule 23 class on the state law claims for now and delay any decision on a Rule 23 class until after notice has been sent pursuant to the FLSA and written consents returned.

Dated: New York, New York
September 14, 2009

SNOW BECKER KRAUSS P.C.
Attorneys for Defendants

By: _____ (EM 3383)
Leonard Wagman (LW 0509)
Evangelos Michailidis (EM 3383)
605 Third Avenue, 25th Floor
New York, New York 10158
Phone: (212) 687-3860
Fax: (212) 949-7052
Email: lwagman@sbklaw.com
emichailidis@sbklaw.com