**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                   :

**IN RE MILOS LITIGATION**       :     08 Civ. 06666 (LBS) (KNF)

                   :     **ECF Case**

                   :
-------------------------------------------------------x

     This Joint Stipulation of Settlement and Release (the "Agreement") is entered into by and between Plaintiffs (as hereinafter defined) and the class of individuals that they represent (as hereinafter defined) and Defendants (as hereinafter defined).

## RECITALS

     WHEREAS, Plaintiffs Nikolas Tsikitas, Franco Sukaj, and Luis Alberta Viva filed their Class Action Complaint against Defendants on July 28, 2008;

     WHEREAS, Plaintiff Rouly Charalabidis filed his Class Action Complaint against Defendants on August 5, 2008;

     WHEREAS, the two actions were consolidated and a Consolidated Amended Complaint was filed on November 5, 2008;

     WHEREAS, on January 11, 2010, the Court conditionally certified the FLSA portion of this action as a collective action and the state law claims as a class action pursuant to F.R.C.P. 23;

     WHEREAS, the Consolidated Amended Complaint asserted class claims under the New York Labor Law and collective claims under the Fair Labor Standards Act and sought recovery of, among other things, unpaid overtime wages, unpaid minimum wages, unpaid spread-of-hours pay, unpaid misappropriated tips, and attorneys' fees and costs;

     WHEREAS, Defendants denied and continue to deny all of the allegations made by Plaintiffs in the Litigation (as hereinafter defined) and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Litigation. Nonetheless, without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

     WHEREAS, Class Counsel (as hereinafter defined) has completed full discovery including, but not limited to, conducting depositions, interviewing numerous Plaintiffs and Class Members and witnesses, reviewing thousands of documents produced by Defendants, and analyzing time and payroll records;

1

WHEREAS, Class Counsel moved for partial summary judgment on March 15, 2011, and the Court has not yet ruled on Plaintiffs' motion;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and the impact of this Agreement on Plaintiffs and the Class (as hereinafter defined);

WHEREAS, based upon their analysis and their evaluation of a number of factors, and recognizing the substantial risks of continued litigation with respect to certain claims, including the possibility that the Litigation, if not settled now, might result in a recovery that is less favorable to the Class, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interests of the Class.

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## 1.   DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1   **Agreement.** "Agreement" shall mean this Joint Stipulation of Settlement and Release.

1.2   **Claims Administrator.** "Claims Administrator" shall mean the entity selected by the Parties to provide notice to the Class and administer payment of the settlement to Class Members. The Claims Administrator is the Garden City Group.

1.3   **Class; Class Members.** "Class" shall mean all individuals who work or worked at Milos Restaurant as a Captain, Waiter, Busboy, Runner and/or Bartender from July 28, 2002 through the date this Settlement Agreement is executed, except, that any individual that submitted an exclusion request form shall not be included in the Class. A member of the Class is a "Class Member."

1.4   **Class Counsel.** "Class Counsel" shall mean Maimon Kirschenbaum and Denise Schulman of Joseph, Herzfeld, Hester & Kirschenbaum LLP and Louis Pechman and Jessica Tischler of Berke-Weiss & Pechman LLP.

1.5   **Court.** "Court" shall mean the United States District Court for the Southern District of New York, the Honorable Leonard B. Sand presiding.

1.6   **Covered Period.** "Covered Period" shall mean the period from July 28, 2002 through the date this Settlement Agreement is executed.

1.7   **Defendants.** "Defendants" shall mean Milos, Inc. d/b/a Milos Restaurant and Costas Spiliadis.

2

**1.8**  **Defendants' Counsel.** "Defendants' Counsel" shall mean Leonard Wagman of McLaughlin & Stern LLP and Evangelos Michailidis of Duane Morris LLP.

**1.9**  **Effective; Effective Date.** The "Effective Date" is the date on which this Agreement becomes effective, which shall mean ten (10) days following entry of final order by the Court approving this Agreement if no objections are filed to the settlement. If objections are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date of final approval shall be ten (10) days following entry of final order by the Court approving this Agreement. If an appeal is taken, then the Effective Date shall be ten (10) days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final.

**1.10**  **Escrow Account.** "Escrow Account" shall mean the FDIC insured interest-bearing accounts created and controlled by the Claims Administrator.

**1.11**  **Fairness Hearing.** "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval.

**1.12**  **FLSA Collective Members.** "FLSA Collective Members" shall mean all individuals who worked for Milos within the Covered Period and filed a Consent to Sue Form with the Court before the date this Agreement was executed. For purposes of this Agreement Franco Sukaj and Nikolas Tsikitas are FLSA Collective Members.

**1.13**  **FLSA Period.** "FLSA Period" shall mean the date between July 28, 2005 and the date this Agreement is executed.

**1.14**  **Litigation or Class Action Lawsuit.** "Litigation" or "Class Action Lawsuit" shall mean *In Re Milos Litigation,* Case No. 08 Civ. 6666 (LBS), pending in the United States District Court for the Southern District of New York.

**1.15**  **Net Settlement Fund.** "Net Settlement Fund" shall mean the remainder of the Settlement Payment after deductions for court-approved attorneys' fees and costs as described in Section 3.2, court-approved service payments to certain Plaintiffs as described in Section 3.2, settlement administration costs, as described in Section 2.1, any fees associated with investing and liquidating the Settlement Payment as described in Section 3.1, and any taxes incurred directly or indirectly as a result of investing the Settlement Payment.

**1.16**  **Order Granting Final Approval.** "Order Granting Final Approval" shall mean the final Order entered by the Court after the Fairness Hearing.

**1.17**  **Order Granting Preliminary Approval.** "Order Granting Preliminary Approval" shall mean the Order entered by the Court preliminarily approving, *inter alia*, the terms and conditions of this Agreement, the manner and timing of providing notice to the Class, and the time period for opt-outs and objections.

**1.18**  **Parties.** "Parties" shall mean Plaintiffs, the Class Members, and Defendants.

**1.19** **Plaintiffs.** "Plaintiffs" shall refer to any of the Named Plaintiffs in this action, Rouly Charalabidis, Franco Sukaj, and Nikolas Tsikitas, and shall also include any individual who opted into the lawsuit.

**1.20** **Qualified Class Member.** "Qualified Class Member" shall mean a Class Member who does not opt out in the manner prescribed in Section 2.5 of this Agreement.

**1.21** **Settlement Payment.** "Settlement Payment" shall mean the $1,975,000.00 payment, plus any interest accrued as provided in Section 3.1(B), that Defendants pay to settle the Litigation.

**1.22** **Tip Credit Differential Amount- "Tip Credit Differential Amount"** shall mean the following amounts:

    A.    From July 28, 2005, the beginning of the FLSA Period, until December 31, 2005- $1.30.

    B.    2006- $0.80

    C.    January 1, 2007-July 24, 2007 – $0.55

    D.    July 25, 2007-July 24, 2008 – $1.25

    E.    July 25, 2008-July 24, 2009 – $1.95

    F.    July 25, 2009-December 31, 2010 – $2.60

    G.    January 1, 2011-End of the Class Period (May 20, 2011) – $2.25

**2.** **APPROVAL AND CLASS NOTICE**

**2.1** **Retention of Claims Administrator.** The Claims Administrator shall be responsible for the claims administration process and distributions to Qualified Class Members as provided herein. The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the Settlement. The Claims Administrator's fees shall be paid out of the Settlement Fund.

**2.2** **Preliminary Approval by the Court.** On or before May 20, 2011, Plaintiffs will submit to the Court a Motion for an Order Conditionally Certifying the Settlement Class and Preliminarily Approving the Class Action Settlement ("Preliminary Approval Motion"). In connection with the Preliminary Approval Motion, Plaintiffs will submit to the Court, among other things, (a) a proposed Notice of the Class Action Lawsuit Settlement and Fairness Hearing which is appended hereto as Exhibit A, and (b) a proposed Order Preliminarily Approving Class Action Settlement and Providing for Notice which is appended hereto as Exhibit B. The Preliminary Approval Motion will seek the setting of dates for opt-outs, objections, and a Fairness Hearing. Defendants will not oppose the Preliminary Approval Motion.

**2.3**   **Final Order and Judgment from the Court.**   Plaintiffs will seek to obtain from the Court, as a condition of settlement, a Final Order and Judgment in a form to be agreed upon by the Parties.  The Proposed Final Order and Judgment will, among other things, (a) enter Judgment in accordance with this Agreement, (b) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.5, (c) dismiss the Litigation with prejudice, (d) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (e) incorporate the terms of this Settlement and Release.  Defendants will support the application for the Final Order and Judgment.

**2.4**   **Class Notice**

(A)   Within 10 calendar days of the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, social security numbers positions held, dates of employment and hours worked during the Covered Period for all Class Members.  The Parties shall cooperate to ensure that the identities of Class Members are accurate.

(B)   Within 15 calendar days after receiving the information described in Section 2.4(A), the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form appended hereto as Exhibit A to all Class Members using each individual's last known address as recorded in Defendants' records. The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Members for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings as described below.  Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.

**2.5**   **Class Member Opt-Out.**

(A)   Any Class Member may request exclusion from the Class by "opting out."  Class Members who choose to do so must mail a written, signed statement to the Claims Administrator that he or she is opting out of the monetary portion of the Settlement ("Opt-Out Statement").  The Opt-Out Statement must contain the name, address and telephone number of the Class Member to be valid.  It must also contain the words "I elect to exclude myself from the settlement in *In Re Milos Litigation*" in order to be valid.  To be effective, such Opt-Out Statements must also be sent via First Class United States Mail and postmarked by a date certain to be specified in the Notice of Class Action Lawsuit Settlement and Fairness Hearing, which will be 30 calendar days after the Claims Administrator mails the Notice.  The 30 day period will begin to run from the first mailing, except for those Class Members whose first mailing was returned to the Claims Administrator as undeliverable, in which case the 30 day period for any such

Class Member will begin to run from the date of the second mailing (or, if there are more than 2 mailings, the final mailing) to such Class Member, unless another period is set by the Court. The Claims Administrator shall not attempt more than 3 mailings of the Notice of Proposed Class Action Lawsuit and Fairness Hearing to any Class Member. The end of the "Opt-Out Period" shall be 30 calendar days after the last day on which the Claims Administrator makes a mailing. The Claims Administrator shall, within 10 calendar days after the last day on which it makes such a mailing, notify Class Counsel and Defendants' Counsel of the precise date of the end of the Opt-Out Period.

(B)     The Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof. The Claims Administrator also shall, within 3 calendar days of the end of the Opt-Out Period, file with the Clerk of Court stamped copies of any Opt-Out Statements. The Claims Administrator shall, within 24 hours of the end of the Opt-Out Period, send a final list of all Opt-Out Statements to Class Counsel and Defendants' Counsel. The Claims Administrator shall retain the stamped originals of all Opt-Out Statements and originals of all envelopes accompanying Opt-Out Statements in its files until such time as the Claims Administrator is relieved of its duties and responsibilities under this Stipulation.

**2.6     Objections to Settlement.**

(A)     Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must first do so in writing. To be considered, such statement must be sent to the Claims Administrator via First-Class United States mail, postage prepaid, and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing. The date certain for each Class Member shall be 30 days after the last mailing of the Notice by the Claims Administrator. The Claims Administrator shall stamp the date received on the original objection and send copies of each objection to Class Counsel and Defendants' Counsel not later than 3 calendar days after receipt thereof. The Claims Administrator shall also file the date-stamped originals of any and all objections with the Clerk of Court within 3 calendar days after the end of the Opt-Out Period.

(B)     An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he/she submits his/her written objections. An objector may withdraw his/her objections at any time. No objector may appear at the Fairness Hearing unless he/she has filed a timely objection that complies with the procedures provided in Section 2.6(A). Any Class Member who has submitted an Opt-Out Form may not submit objections to the settlement.

(C)    The Parties may file with the Court written responses to any filed objections no later than 7 calendar days before the Fairness Hearing.

**2.7**    **Motion for Judgment and Final Approval.**  No later than 7 calendar days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.  The Fairness Hearing shall be held at the Court's convenience.

**2.8**    **Entry of Judgment.**  At the Fairness Hearing, the Parties will request that the Court, among other things, (a) certify the Class for purposes of settlement, (b) enter Judgment in accordance with this Agreement, (c) approve the settlement as fair, adequate, reasonable, and binding on all Class Members who have not timely opted out pursuant to Section 2.5, (d) dismiss the Litigation with prejudice, (e) enter an order permanently enjoining all Class Members who do not opt out from pursuing and/or seeking to reopen claims that have been released by this Agreement, and (f) incorporate the terms of this Settlement and Release.

**2.9**    **Effect of Failure to Grant Final Approval.**  In the event the Court fails to enter Judgment in accordance with this Agreement, or such Judgment does not become Final as defined herein, the Litigation will proceed as if no settlement had been attempted.

**3.**    **SETTLEMENT TERMS**

**3.1**    **Settlement Payment.**

(A)    Defendants agree to pay $1,975,000, which shall resolve and satisfy: (a) court-approved attorneys' fees and costs; (b) all amounts to be paid to Class Members; (c) court-approved service payments to certain Plaintiffs; (d) the Claims Administrator's fees; (e) any fees associated with investing and liquidating the Settlement Payment, and (f) any taxes incurred directly or indirectly by Defendants as a result of investing the Settlement Payment to the extent not covered by the interest accrued from the Escrow Account.  Other than the employer's share of payroll taxes as described in Section 3.5(C), Defendants will not be required to pay more than $1,975,000.00 under this Agreement.

(B)    By no later than five days after this Court enters final approval of the Settlement, Defendants shall deposit $1,975,000.00 into the Escrow Account.  Any interest accrued from the Escrow Account, net of taxes and any fees associated with investing such amount, shall immediately be added to and become part of the Settlement Payment.

(C)    Within 5 days of the Effective Date, the Claims Administrator will distribute the money in the Escrow Account by making the following payments:

(1)    Paying Class Counsel Court-approved attorneys' fees as described in Section 3.2(A).

(2)    Paying the Claims Administrator.

7

(3)     Reimbursing Class Counsel for all costs and expenses approved by the Court as described in Section 3.2(A).

(4)     Paying Class Service Fees in the amounts described in Section 3.3.

(5)     Paying Class Members their portion of the Settlement Payment as described in Section 3.4.

**3.2     Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A)     Prior to the Fairness Hearing, Class Counsel shall petition the Court for no more than one-third of the Settlement Payment as an award of attorneys' fees. In addition, Class Counsel shall also seek reimbursement of reasonable litigation costs and expenses from the Settlement Payment, which shall not exceed $25,000. Defendants will not oppose such applications. Defendants shall have no additional liability for attorneys' fees and costs.

(B)     The substance of Class Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of the settlement of the Litigation. The outcome of any proceeding related to Class Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund.

**3.3     Class Service Fees.** Prior to the Fairness Hearing, Plaintiff Rouly Charalabidis will apply to the Court to receive $15,000 from the Settlement Fund for services rendered to the Class. Plaintiffs Noumeir Bermeo, Jose Onofre, Nurul Islam, Rodrigo Collaguazo, Franco Sukaj and Nikolas Tsikitas will apply to the Court to receive $3,000 each from the Settlement Fund for services rendered to the Class. Defendants will not oppose such application. The service fees and the requirements for obtaining such payments are separate and apart from, and in addition to, Plaintiffs' recovery from the Net Settlement Fund. The substance of the above-referenced Plaintiffs' application for service fees is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy and good faith of the settlement of the Litigation. The outcome of the Court's ruling on the application for service fees shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval. Any monies not approved by the Court become part of the Net Settlement Fund.

**3.4     Distribution to Class Members.**

(A)     A Class Member who does not opt out pursuant to Section 2.4(A) will be deemed eligible for a payment hereunder.

(B)     Notwithstanding the formulas below, no Qualified Class Member will be awarded a payment that is less than $50 (before taxes are deducted).

8

(C)     A Qualified Class Member's proportionate share of the Net Settlement Payment shall be determined by the Claims Administrator pursuant to the formula set forth below:

    (1)     **The Tip Credit Amount-** Each FLSA Collective Member will receive (a) the Tip Credit Differential for each hour worked during the FLSA Period, and (b) an equal amount representing liquidated damages under the FLSA. The total amount of moneys paid to the FLSA Collective Members under this subsection shall be referred to as the "Tip Credit Amount."

    (2)     **The Tip Disgorgement Amount-** The amount remaining from the Net Settlement Amount after the deduction of the Tip Credit Amount shall be referred to as the "Tip Disgorgement Amount." The Tip Disgorgement Amount shall be distributed among all Qualified Class Members, including FLSA Collective Members, as follows:

        (i)     each employee will be classified by Defendants as either a Captain, Waiter, Runner, Busboy and/or Bartender according to the last job held while employed by Defendants at Milos;

        (ii)     each Captain shall receive eleven (11) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and three (3) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

        (iii)     each Waiter shall receive nine (9) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and two and one half (2.5) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

        (iv)     each Runner shall receive six and one half (6.5) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and two (2) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

        (v)     each Busboy shall receive four and one half (4.5) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and one and one half (1.5) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(vi)     each Bartender shall receive four (4) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and one (1) point for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(vii)    the Tip Disgorgement Amount shall be divided by the aggregate number of points accrued by all of the Class Members ("Point Value");

(viii)   for each Qualified Class Member, the number of points accrued by each Qualified Class Member shall be multiplied by the Point Value.

(D)    Defendants and the Claims Administrator shall exchange such information as is necessary for the Claims Administrator to make proper tax withholdings and comply with tax reporting obligations as described in Section 3.5.

(E)    Within 10 days after the date of the Order Granting Preliminary Approval, Defendants will provide the Claims Administrator with a list, in electronic form, of the names, last known addresses, social security numbers, positions held, and dates of employment and hours worked during the Covered Period of all Qualified Class Members.  With the exception of addresses, this data, and any other data provided by Defendants to the Claims Administrator pursuant to this Agreement, shall be conclusively presumed to be accurate.

(F)    The Claims Administrator shall mail to all Qualified Class Members their proportionate share of the Net Settlement Fund within 5 days of the Effective Date.  The Claims Administrator shall use reasonable efforts to make an additional mailing to Qualified Class Members whose checks are returned because of incorrect addresses.  Such efforts shall include using social security numbers to obtain better address information and, for Qualified Class Members whose payment is greater than $100, attempting to call such Qualified Class Members.  Any additional efforts undertaken shall be in the sole discretion of the Claims Administrator.

(G)    If payments to Class Members as described in this Section are not cashed within 90 days of the check date, the checks will be null and void and the money will remain in the Escrow Account.  If, in the view of the Claims Administrator, there are sufficient funds remaining in the Escrow Account 90 days after the payments described in Sections 3.1 have been distributed to make a second distribution, the Claims Administrator shall redistribute the money among Qualified Class Members in pro-rata payments based on the formula described in this Section. The Claims Administrator will use the amount remaining to pay for the cost of the second distribution. If, in the Claims Administrator's view, a second distribution is not administrably feasible because insufficient funds remain in the Escrow Account after the payments described in Sections 3.1 have been distributed, the

money will be donated to New York Legal Assistance Group, Plaintiffs' *cy pres* designee, subject to the Court's approval.  There will be no reversion to Defendants.

(H)     All payments to Class Members made pursuant to this Agreement shall be deemed to be paid to such Class Members solely in the year in which such payments actually are received by the Class Members.  It is expressly understood and agreed that the receipt of such payments will not entitle any Class Member to additional compensation or benefits under any of Defendants' bonus, contest or other compensation or benefit plans or agreements in place.

**3.5     Taxability of Settlement Payments.**

(A)     For tax purposes, 50% of payments to Qualified Class Members pursuant to Section 3.4 shall be treated as back wages and 50% of such payments shall be treated as liquidated damages and prejudgment interest.

(B)     Payments treated as back wages pursuant to Section 3.5(A) shall be made net of all applicable employment taxes, including, without limitation, federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2.  Payments treated as liquidated damages and interest pursuant to Section 3.5(A) shall be made without withholding and shall be reported to the IRS and the payee, to the extent required by law, under the payee's name and social security number on an IRS Form 1099.  Payments of attorneys' fees and costs pursuant to Section 3.2 shall be made without withholding. Class Counsel will receive a Form 1099 for this payment.  Any service payments pursuant to Section 3.3 shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099.

(C)     Defendants shall pay all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages pursuant to Section 3.5(A).

(D)     Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that each individual Class Member will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement (other than taxes specified in Section 3.5(C)). Plaintiffs, on behalf of the Class and each individual member of the Class, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

**3.6    Release**

(A)    **Release of Claims.**  Upon the final approval by the Court of this Stipulation of Settlement, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Settlement Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venture, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims for unpaid wages, tips, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or could have been asserted in the Litigation, whether known or unknown, under state wage and hour laws, through the date of preliminary approval of this Agreement, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims. In addition, all FLSA Collective Plaintiffs forever and fully release Defendants from all FLSA claims for unpaid minimum wages, overtime wages, tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date of preliminary approval of this Agreement.

(B)    **Release of Fees and Costs for Settled Matters.**  Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants for attorneys' fees or costs associated with Class Counsel's representation of Plaintiffs and the Class.  Class Counsel further understand and agree that any fee payments approved by the Court will be the full, final and complete payment of all attorneys' fees and costs associated with Class Counsel's representation of these individuals.

(C)    **No Assignment.**  Class Counsel and Plaintiffs, on behalf of the Class and each individual Class Member, represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

(D)    **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs and/or the Class, individually or collectively, all such liability being expressly denied. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action litigation other than for purposes of settlement.  Rather, Defendants enter into this Agreement to avoid

further protracted litigation and to resolve and settle all disputes with Plaintiffs and the Class.  Settlement of the Litigation, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Lawsuit; and (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding.  The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of the Agreement.

**3.7    Miscellaneous**

(A)    **Cooperation Between the Parties; Further Acts.**  The Parties shall cooperate fully with each other and shall use their best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each of the Parties, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents and information which is reasonably necessary to carry out the provisions of this Agreement.

(B)    **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into this Agreement.

(C)    **Binding Effect.**  This Agreement shall be binding upon the Parties and, with respect to Plaintiffs and the Class Members, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

(D)    **Arms' Length Transaction; Materiality of Terms.**  The Parties have negotiated all the terms and conditions of this Agreement at arm's length.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

(E)    **Captions.**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

(F)    **Construction.**  The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this

Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

(G)   **Blue Penciling.** Following the Effective Date, if any provision of this Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

(H)   **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

(I)   **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the settlement contemplated thereby. The Court shall not have jurisdiction to modify the terms of the Agreement or to increase Defendants' payment obligations hereunder.

(J)   **Waivers, etc. to Be in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

(K)   **When Agreement Becomes Effective; Counterparts.** This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants had signed the same instrument. The failure of one or more Plaintiff to sign this Agreement does not affect its enforceability.

(L)   **Facsimile/Electronic Signatures.** Any party may execute this Agreement by causing its counsel to sign on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

(M)     **Joint Press Release.**  Counsel for the parties agree to issue a joint press release within 5 days after the Order Granting Final Approval, which will include a statement that the parties have agreed to settle the Litigation to avoid the burden, expense, and uncertainty of continuing the Litigation and, further, that Defendants' agreed to settle the litigation without admitting or conceding any liability.

**CLASS COUNSEL:**

DATED: _____, 2011

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
     D. Maimon Kirschenbaum
     233 Broadway, 5th Floor
     New York, New York 10279
     (212) 688-5640

BERKE-WEISS & PECHMAN LLP

By: _____
     Louis Pechman
     488 Madison Avenue, 11th Floor
     New York, NY 10022
     (212) 583-9500

*Attorneys for Plaintiffs and the Settlement Class*

**DEFENDANT'S COUNSEL:**

DATED: _____, 2011

McLAUGHLIN & STERN LLP

By: _____
     Leonard Wagman  (LW0509)
     260 Madison Avenue
     New York, NY 10016
     (212) 448-1100

DUANE MORRIS LLP

By: _____
     Evangelos Michailidis
     1540 Broadway
     New York, NY 10036
     (212) 471-1864

*Attorneys for Defendants*

15

# EXHIBIT A

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X  08 Civ. 6666 (LBS) (KNF)

         :

         :    **NOTICE OF CLASS**

         :    **ACTION LAWSUIT**

IN RE MILOS LITIGATION         :    **SETTLEMENT AND**

         :    **FAIRNESS HEARING**

         :

-------------------------------------------------------------X  **ECF CASE**

TO:       **ALL PERSONS WHO WERE EMPLOYED BY MILOS RESTAURANT AS CAPTAINS, WAITERS, BUSBOYS, RUNNERS, AND/OR BARTENDERS AT ANY TIME DURING THE PERIOD FROM JULY 28, 2002 THROUGH MAY 20, 2011.**

Based on information in the records of Milos, Inc. ("Milos"), you were employed as a Captain, Waiter, Busboy, Runner, and/or Bartender ("waitstaff") at Milos during the period between July 28, 2002 and May 20, 2011 (the "Covered Period") and are entitled to participate in the proposed $1,975,000.00 settlement of the case captioned *In re Milos Litigation*, Case No. 08 Civ. 6666 (LBS)(KNF) (the "Litigation" or "Class Action Lawsuit").

**PLEASE READ THIS NOTICE CAREFULLY.** It contains important information about your rights concerning the settlement of the Lawsuit. If the settlement is approved by the Court, you will be bound by its terms.

1.    **WHAT IS THE PURPOSE OF THIS NOTICE?**

The Court has ordered that this Notice be sent to you because you worked at Milos as a Captain, Waiter, Busboy, Runner, and/or Bartender between July 28, 2002 and May 20, 2011. The purpose of this Notice is to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

2.    **WHAT IS THIS CASE ABOUT?**

The Lawsuit asserted class claims under the New York Labor Law ("NYLL") and collective claims under the Fair Labor Standards Act ("FLSA") alleging that Milos failed to properly compensate plaintiffs at the federal and state minimum wage by improperly taking a "tip credit" while not permitting its service staff to retain the entirety of their tips. In addition, the lawsuit alleged that Milos unlawfully deducted and distributed the tips of the service staff to the general manager and other non-tipped, non-service employees. The plaintiffs sought recovery of, among other things, misappropriated tips, unpaid wages, liquidated damages, pre-judgment interest, post-judgment interest, and attorneys' fees and costs, as well as injunctive and declaratory relief under the NYLL and FLSA.

Milos and Costas Spiliadis ("Defendants") denied the allegations made in the Lawsuit and denied that they are liable for any of the claims asserted in the Litigation.

To avoid the burden, expense and uncertainty of continuing the Litigation, the parties agreed to this Settlement. By agreeing to this Settlement, Defendants have not admitted or conceded any wrongdoing or liability.

## 3.  WHAT ARE THE TERMS OF THE SETTLEMENT AGREEMENT?

The parties have agreed to settle this matter for the total gross sum of one million nine hundred and seventy-five thousand dollars and no cents ($1,975,000.00). Settlement of the Lawsuit is not to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. The Parties have entered into this Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.

## 4.  HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement is given final approval by the Court, Milos will have to pay a maximum of $1,975,000.00 in total settlement funds (excluding the employers' share of withholding taxes). If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $1,975,000 prior to distribution of the settlement funds to the Class Members:

- Class Service Fees: If the Court approves such payments, $15,000 will be paid out to Class Representatives Rouly Charalabidis, and $3,000 each to Plaintiffs Noumeir Bermeo, Jose Onofre, Nurul Islam, Rodrigo Collaguazo, Franco Sukaj and Nikolas Tsikitas. These payments are made because these individuals provided many hours of service to the class by helping Class Counsel formulate claims and by providing support to the case.

- Attorneys' Fees: Class Counsel will apply to the Court for recovery of costs not to exceed $25,000 and attorneys' fees of one third (1/3) of the Settlement Fund. This amount will be requested pursuant to the Class Representatives' professional services agreement and as set forth in the previous Court-approved Notice of Lawsuit.

- Claims Administrator:  Class Counsel has retained the Garden City Group, a third-party administrator (the "Claims Administrator"), to administer the Settlement. Class Counsel will apply to the Court for the payment of the Claims Administrator's cost out of the Settlement Fund.

If the Court approves these payments, after these deductions, the remaining Settlement Fund (the "Net Settlement Fund") will be distributed according to the method set forth below. Your share will depend on the number of hours you worked within the applicable class period, the job position(s) you worked in, and whether you submitted to Class Counsel a Consent to Join Form.

2

### a.   FLSA Damages For Opt-In Plaintiffs

Each FLSA Collective Member shall receive (a) the tip credit that was taken by Milos for the period for which they are covered under the FLSA's three-year statute of limitations, and (b) an equal amount representing liquidated damages under the FLSA (combined, the "Tip Credit Amount"). Specifically, for purposes of this settlement, the statutory tip credit to be applied to the FLSA damage calculation shall be a tip credit of $1.30 per hour between July 28, 2005 and December 31, 2005; $0.80 per hour between January 1, 2006 and December 31, 2006; $0.55 per hour between January 1, 2007 and July 24, 2007; $1.25 per hour between July 25, 2007 and July 24, 2008; $1.95 per hour between July 25, 2008 and July 24, 2009; $2.60 per hour between July 25, 2009 and December 31, 2010; and $2.25 per hour between January 1, 2011 and May 20, 2011.

You are not eligible for the opt-in FLSA damages unless you timely filed a Consent to Join *and* were employed after July 28, 2005 (*i.e.*, within three years of the filing the Lawsuit).

### b.   NYLL Damages For the Rule 23 Class

The amount remaining from the Net Settlement Fund after the deduction of the Tip Credit Amount shall be referred to as the "Tip Disgorgement Amount." The Tip Disgorgement Amount, which is based on plaintiffs' contention that certain non-waitstaff employees of Milos should not have received tips, shall be distributed among all Qualified Class Members, including FLSA Collective Members, as follows:

(i)   each employee will be classified by Defendants as either a Captain, Waiter, Runner, Busboy and/or Bartender, according to the last job held while employed by Defendants at Milos;

(ii)   each Captain shall receive eleven (11) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and three (3) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(iii)   each Waiter shall receive nine (9) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and two and one half (2.5) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(iv)   each Runner shall receive six and one half (6.5) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and two (2) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(v)    each Busboy shall receive four and one half (4.5) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and one and one half (1.5) points for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(vi)    each Bartender shall receive four (4) points for every hour worked for Defendants from the beginning of the Covered Period through December 31, 2008, and one (1) point for every hour worked for Defendants at Milos for the remainder of the Covered Period;

(vii)    the Tip Disgorgement Amount shall be divided by the aggregate number of points accrued by all of the Class Members ("Point Value");

(viii)    for each Qualified Class Member, the number of points accrued by each Qualified Class Member shall be multiplied by the Point Value.

In general, the more hours you worked for Defendants while employed at a specific position, the more money you will receive. However, the amount you will ultimately recover will change according to the number of Class Members who participate in the Settlement.

### c.    Uncashed Checks

You will have ninety (90) calendar days after mailing by the Claims Administrator to cash your settlement check. If you do not cash your settlement check within the 90 day period, it will be redistributed among the remaining class members, if the redistributable amount is large enough to justify a second distribution to Class Members. If not, the amount will be given to the New York Legal Assistance Group, a charity designated by Class Counsel.

## 5.    WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

By operation of the entry of the Judgment and Final Approval, you will fully release defendants from all NYLL claims that were or could have been asserted in the Litigation through May 20, 2011, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims. If you opted into the FLSA lawsuit, you are also fully releasing defendants from all FLSA claims that were or could have been asserted in the Litigation through May 20, 2011, including all FLSA claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

## 6.    HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

If you do not want to participate in the settlement, or you want the right to pursue your own lawsuit, you must opt out of the Settlement by_____, 2011. If

you do not opt-out, you will be bound by the terms of this Settlement. To opt-out you must send a letter by First Class United States Mail, which specifically states "I ELECT TO EXCLUDE MYSELF FROM THE SETTLEMENT IN IN RE MILOS LITIGATION," postmarked no later than_____, 2011.  You must include your name, address, and the period for which you worked for Defendants in a Class Position.  If you choose to opt-out, send your letter to:

| |
|---|
| Claims Administrator: |
| |
| Garden City Group |
| Attn: _____ |
| 1985 Marcus Avenue |
| Lake Success, NY 11042 |

## 7.   WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing.  You are not required to submit an objection. Written objections must be mailed to the Claims Administrator via First Class United States Mail, postage prepaid, postmarked by _____, 2011.

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *In re Milos Litigation,* Case Number 08 Civ. 6666 (LBS)(KNF).  If you object to the settlement and intend to appear at the Fairness Hearing, you must include with your written objection an explanation of the basis for the objection and a statement that you intend to appear and be heard at the Fairness Hearing.

If you do not comply with the foregoing procedures and deadlines for submitting written comments or appearing at the hearing, you will not be entitled to be heard at the hearing, contest, or appeal from approval of the settlement or any award of attorneys' fees or expenses, or contest or appeal from any other orders or judgments of the Court entered in connection with the settlement.

The parties may file with the Court written responses to any filed objections.

## 8.   WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Leonard B. Sand will be held on _____, 2011, at ___ a.m., at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 15A, New York, NY 10007 (the "Fairness Hearing").  The purpose of this hearing will be for the Court to determine whether the Settlement is fair, adequate, and reasonable and should be approved by the Court.  The Court will take into account any comments or objections filed by you in accordance with the procedure described below.

9.     **HOW CAN YOU EXAMINE COURT RECORDS?**

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.  This file may be inspected during the hours of each Court business day at the Office of the Clerk of the Court, United States District Courthouse, 500 Pearl Street, New York, New York, 10007.

Additionally, if you have questions about this Notice, or want additional information, you can contact Class Counsel D. Maimon Kirschenbaum at Joseph, Herzfeld, Hester & Kirschenbaum LLP, 233 Broadway, Fifth Floor, New York, NY 10279-0806, (212) 688-5640, maimon@jhllp.com; or Louis Pechman at Berke-Weiss & Pechman LLP, 488 Madison Avenue, 11th Floor, New York, NY 10022, (212) 583-9500, pechman@bwp-law.com.

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
                                                    :
                                                    :
                                                    :
**IN RE MILOS LITIGATION**          :   **08 Civ. 06666 (LBS) (KNF)**
                                                    :
                                                    :   **ECF Case**
                                                    :
                                                    :

-------------------------------------------------------x

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, the above-captioned matter (the "Litigation") is currently pending before this court;

**WHEREAS**, Plaintiffs have made an application, pursuant to Rule 23 (e), Fed. R. Civ. P., for an order approving the settlement of the claims alleged in the Lawsuit, in accordance with a Joint Stipulation of Settlement and Release, dated May 20, 2011 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation against Defendants and for dismissal of the Litigation against Defendants with prejudice upon the terms and conditions set forth therein, and the Court has read and considered the Agreement and the exhibits thereto; and,

**WHEREAS**, all terms contained and not otherwise defined herein shall have the same meanings set forth in the Agreement.

**IT IS ON THIS ____ DAY OF _____, 2011 HEREBY ORDERED AS FOLLOWS:**

1.     The Court hereby preliminarily approves the settlement set forth in the Agreement as being fair, just, reasonable and in the best interests of the Settlement Class as described in the Agreement (hereinafter the "Class").

2.     The Settlement and Fairness Hearing Shall be held before this Court, on _____, 2011(On or after August 23, 2011) at the United States District Court, Southern District of New York, U.S. Courthouse, 500 Pearl Street, at _____, New York, NY 10007, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, just, reasonable, adequate and in the best interests of the Class, and should be approved by the Court; whether an Order and Final Judgment of Dismissal, as provided in the Agreement, should be entered; and to determine the amount of attorneys' fees, costs and expenses that should be awarded Class Counsel.

3.     The Court approves, as to form and content, the Settlement Notice and finds that the mailing and distribution of the Settlement Notice substantially in the manner and form set forth in the Agreement constitutes the best notice practicable under the circumstances, and constitutes valid, due and sufficient notice to all persons in the Class, complying fully with the requirement of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States and any other applicable laws.

4.     On or before the date that is seven (7) days before the final approval hearing, Class Counsel shall move the Court for final approval of the settlement, and submit a memorandum of law in support of Class Counsel's application for attorneys' fees and incentive awards.


_____
United States District Judge

Dated: _____, 2011